IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| IVON DARNELL and | ) | |
| TAMMY DARNELL, | ) | Case No. 4:05CV00052 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| K MART CORPORATION and | ) | By: Jackson L. Kiser |
| ALCO ELECTRONICS, LTD. | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before me now is Defendant Alco Electronics' ("Alco") Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the portion of Plaintiffs Ivon and Tammy Darnell's ("the Darnells") Complaint that seeks damages for the Darnells' emotional distress. The parties have briefed the issues and oral argument was held on December 1, 2005. The motion is therefore ripe for decision. For the reasons stated herein, Alco's Motion to Dismiss is **GRANTED.**

**I. STANDARD OF REVIEW**

Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citation omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also*, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a

1

12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs*., 7 F.3d at 1134.

## II.     STATEMENT OF THE FACTS

In the light most favorable to the Darnells, their Complaint alleges the following series of events that led to the instant litigation now before me. On December 13, 2003, the Darnells purchased an LCD 2000 "CD player and television combination" from the K Mart located in Martinsville, Virginia. *Complaint*, ¶¶ 4-5. The LCD 2000 was "manufactured and/or sold" by Alco to K Mart at some point prior to December 13, 2003. *Id*. at ¶ 4. The Darnells then took the LCD 2000 back to their home in Henry County, Virginia and used it without incident for approximately one month. However, on January 16, 2004, the LCD 2000 malfunctioned and caused a fire that burned down the Darnells' house, destroyed their possessions, and killed their pets. *Id*. at ¶¶ 9-10. Neither Ivon nor Tammy Darnell claims to have been physically injured by the fire. The Darnells ultimately brought suit against K Mart and Alco, alleging breach of warranties and pain and suffering damages that the fire caused to their property.

## III.     PROCEDURAL HISTORY

The Darnells filed a Motion for Judgment in Henry County Circuit Court on August 5, 2005. The Defendants removed the case to this Court on September 19, 2005 pursuant to 28 U.S.C. §§ 1332, 1441, 1446. On September 27, 2005, Alco filed this 12(b)(6) Motion to Dismiss, the Darnells filed their Brief in Opposition to this motion on October 13, 2005, and Alco filed its Reply Brief on October 20, 2005. Oral argument was heard before this Court on December 1, 2005, thus making Alco's Motion to Dismiss ripe for decision.

## IV.　DISCUSSION

Virginia has long adhered to the general rule that there can be no recovery for mental and emotional pain and suffering absent a tortiously-caused physical injury to the plaintiff. *See*, *Sea-Land Service, Inc., v. O'Neal*, 224 Va. 343, 354 (1982); *Naccash v. Burger*, 223 Va. 406, 415-16 (1982); *Womack v. Eldridge*, 215 Va. 338, 342 (1974); *Hughes v. Moore*, 214 Va. 27, 34 (1973); *Bowles v. May*, 159 Va. 419, 43-34 (1932); *Awtry v. Norfolk & W. Ry. Co.*, 121 Va. 284 (1917). In fact, the Virginia Supreme Court has only departed from this general rule and allowed a plaintiff to recover emotional distress damages without a preceding or concurrent physical injury in three discrete circumstances.

First, emotional distress damages are recoverable when physical injury results from the emotional distress and "there is shown by 'clear and convincing evidence' an 'unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury.'" *Naccash*, 223 Va. at 415 (citing *Hughes*, 214 Va. at 34). Second, such damages are recoverable without physical injury when (1) the tort is intentional or reckless; (2) the tortfeasor's conduct is outrageous and intolerable; (3) the wrongful conduct and the emotional distress are causally connected; and (4) the emotional distress is severe. *Womack*, 215 Va. at 342. Finally, emotional distress damages to the parents were deemed recoverable in a medical malpractice "wrongful birth" suit where a doctor negligently misdiagnosed their unborn child's fatal disease and the child died 31 months after birth. *Naccash*, 223 Va. at 415-16.

Simply put, the Darnells' Complaint does not fit within any of the three exceptions listed above. Neither Tammy nor Ivon Darnell has alleged any physical injury that resulted from their emotional distress. Similarly, their Complaint does not allege that Alco or K Mart acted

intentionally or recklessly which is an essential element of the second exception described above.  Clearly, the Darnells' Complaint does not fit within the exception created in *Naccash*.  Recognizing this, the Darnells instead argue that this Court should allow their claim for emotional distress to go forward because the facts of their case are analogous to a broader principle that underlies the holdings of *Hughes*, *Womack*, and *Naccash*.  This principle is that a plaintiff should only be allowed to recover emotional damages without alleging an accompanying physical injury in situations where it is clear that the "emotional distress was [not] feigned or...fraudulent."  *Naccash*, 223 Va. at 416.  Therefore, just as it is highly unlikely that a plaintiff would fake emotional distress when their child is born with a fatal disease, so too would a plaintiff be unlikely to fake emotional distress when their house burns down.

Even taking as true the genuineness of the Darnells' emotional distress as I must in considering this Motion to Dismiss, the Virginia Supreme Court has refused to read *Hughes*, *Womack*, and *Naccash* as broadly as the Darnells suggest.  In the 23 years since it was decided, the Virginia Supreme Court has never applied the broad language in *Naccash* to justify awarding emotional distress damages in other circumstances.  Indeed, the Virginia Supreme Court has expressly stated that "*Naccash* is confined to its particular facts and is inapposite."  *Myseros v. Sissler*, 239 Va. 8, 10 fn. 2 (1990).  I therefore decline to extend *Naccash* to the present case.

Finally, the Darnells argue that they should be allowed to recover emotional damages because in at least one prior case the Virginia Supreme Court has upheld an award of emotional damages to a plaintiff for harm done to his house.  *Bowers v. Westvaco Corp.*, 244 Va. 139 (1982).  The Darnells' reliance on this case is also misplaced.  *Bowers* was a private nuisance case in which the defendant trucking company's operations caused drainage problems and

4

physical damage to the plaintiff family's home. *Id*. at 142-43. In Virginia, a plaintiff alleging a private nuisance may recover damages for all of the defendant's actions that "endanger[] life or health, or obstruct[] the reasonable and comfortable use of property." *Newport News v. Hertzler*, 216 Va. 587, 592 (1976). *See also*, *National Energy Corp. v. O'Quinn*, 223 Va. 83, 85 (1982). As such, the *Bowers* Court held that the plaintiffs could recover emotional damages because, "*in this type of case* [a plaintiff] is entitled to recover, as an element of damages, compensation for physical or emotional injuries resulting from a nuisance which has endangered life or health." *Id*. (internal citations omitted) (emphasis added). Based on this language, it is clear that the *Bowers* Court allowed the plaintiffs to recover emotional damages only because they had alleged a private nuisance, not because they had alleged damage to their house. Thus, *Bowers* in no way lends support to the Darnells' argument that emotional damages may be recovered simply because their house was damaged. As the Darnells have not alleged a private nuisance claim, *Bowers* is unavailing to their cause.

## V.   CONCLUSION

For the reasons stated above, Alco's Motion to Dismiss the portion of the Darnells' Complaint that seeks emotional distress damages is **GRANTED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 12th day of December, 2005.

s/Jackson L. Kiser
Senior United States District Judge

5